IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

RONALD EARLE RUSHIN,[1] )
aka Ronald Ash, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　)
　　v. ) CV 118-023
　　　　　　　　　　　　　　　　　　　　)
DEPUTY WARDEN TREBLE; )
WARDEN SHEPARD; )
LIEUTENANT WOMBLE; )
MS. COLLIER; and, )
SERGEANT MOTON, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants. )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

　　　　Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS**

---

[1] As evidenced in Plaintiff's filing history discussed herein, Plaintiff frequently files under the name "Ronald Ash." The Georgia Department of Corrections prisoner identification number for "Ronald Ash" is identical to the one provided by Plaintiff in the instant case. See http://www.dcor.state.ga.us; follow Find an Offender Link; search "Rushin, Ronald" (last visited Feb. 20, 2018). Accordingly, the Court **DIRECTS** the **CLERK** to include "aka Ronald Ash" with Plaintiff's name on the docket.

Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED** without prejudice.

I.   **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

II.   **DISCUSSION**

   A.   **Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g).**

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous or for failure to state a claim upon which relief may be

2

granted:  (1) Rushin v. Obriens, 1:10-CV-02106, doc. no. 2 (N.D. Ga. July 29, 2010) (frivolous); (2) Ash v. Adamson, 4:10-CV-55, doc. nos. 7, 12 (M.D. Ga. June 30, 2010) (failure to state a claim and frivolous); and (3) Rushin v. Freeman, 1:05-CV-01699, doc. no. 2 (N.D. Ga. Aug. 16, 2005) (frivolous).  See also Rushin v. McGre[w], 1:17-CV-5479, doc. nos. 3, 5 (N.D. Ga. Feb. 8, 2018) (collecting cases counted as strikes and dismissing case under § 1915(g)).  Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B.     Plaintiff Does Not Qualify for the Imminent Danger Exception.

"[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Rather, in order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court.  Id.  Moreover, vague and conclusory allegations of imminent serious physical injury will not suffice.  See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (citing with approval Eighth Circuit precedent that conclusory allegations that defendant were trying to kill plaintiff insufficient to satisfy imminent danger exception); Odum v. Bryan Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008); Margiotti v. Nichols, No. CV 3:06-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006) (citation omitted).  Here, Plaintiff generally complains about the risk of harm at ASMP and alleges that prison officials are trafficking in narcotics to create "potentially violent dope addicted jackals." (Doc. no. 1, p. 5.)  However,

"[i]n the [prison] setting, a risk of harm to some degree always exists by the nature of its being a [prison]."  Purcell *ex rel.* Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005).  Plaintiff provides no specific details concerning any particularized danger.  Indeed, he has not detailed even one specific instance of harm befallen him at ASMP.  In sum, Plaintiff's vague and conclusory allegations of harm fail to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 20th day of February, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA